EDWARD A. UPTON *vs.* NATHAN P. PRATT & others.

The directors of a mutual fire insurance company are not personally liable under the Gen. Sts. c. 58, § 48, for neglecting to make an assessment upon subsequent policy holders to satisfy a judgment on a note given for a loss upon a policy in a class the business of which has been closed and all its policies cancelled.

CONTRACT with an alternative count in tort, on the Gen. Sts. *c.* 58, § 48, to enforce personal liability of the directors of a mutual fire insurance company for the amount of an unsatisfied execution on a judgment recovered by the plaintiff against the corporation.   Writ dated February 24, 1868.

At the trial in the superior court, before *Putnam, J.,* it was proved that on June 5, 1867, the defendants were duly chosen directors of the Mutual Safety Fire Insurance Company in South Reading, which was incorporated by the St. of 1853, *c.* 46; that in May 1856 the then directors divided the property insured by the corporation into two classes, namely, the First Class, and the General Class; that on October 14, 1861, "all the business of the General Class was closed, and all the policies were cancelled, and on June 14, 1862, all the business of the First Class was closed and al. its policies were cancelled, and since that time all the policies issued by the company had been in but one class;" that on September 23, 1867, the plaintiff recovered judgment against the corporation on the following promissory

note: " South Reading, March 30, 1866. Value received of Edward A. Upton, the Mutual Safety Fire Insurance Company General Class promise to pay him or order Nine Hundred Dollars in four months from date. Edward Mansfield, Treasurer of said Company;" and that on December 9, 1867, the execution, which was issued against the corporation October 10, 1867, on this judgment, was returned in no part satisfied.

" The plaintiff testified that, immediately after the rendition of said judgment, he demanded payment of the same from the president, treasurer, secretary and several of the directors of the corporation, which was refused; that on or about October 10, 1867, he demanded of them that they should order and make an assessment and deliver the same to the treasurer for collection, for the purpose of paying said judgment, which they refused to do." It was not proved, nor contended, " that the corporation, since the time when the defendants were chosen directors, had had any property or assets belonging to the General Class, or any notes in said class, which could have been assessed;" but it appeared that they had other premium and deposit notes, and among them some, exceeding in amount the amount of the plaintiff's judgment, which had been given before March 30, 1866; and it further appeared that the corporation had no property of any kind except these other premium and deposit notes.

On the cross-examination of the plaintiff, the defendants, against his objection, were permitted to put questions with a view to show that the note on which he recovered his judgment was given in renewal of other notes which had been given by the corporation for a loss by fire, prior to 1860, of property insured in the General Class; and thereupon the plaintiff consented to a verdict for the defendants, and alleged exceptions.

*T. Weston, Jr.,* for the plaintiff.

*J. P. Converse,* for the defendants.

WELLS, J. The plaintiff seeks to recover, from the directors of a mutual insurance company, the amount of an execution which he has obtained against the corporation, on the ground of neglect by them to make an assessment for its payment

His right depends wholly upon the Gen. Sts. *c.* 58, § 48. By that statute, the directors become personally liable for the amount of an execution, if there is " property belonging to the period assessed, the proceeds of which can be applied to satisfy such execution," and they neglect to pay the same ; or if they " neglect for thirty days after the rendition of judgment to make an assessment and deliver the same to the treasurer for collection, or to apply such assessment when collected to the payment of the execution." By the same section, it is provided that, in case of classification of risks, the assessment " shall be made upon such premium and deposit as were given upon hazards associated with the property upon which losses have occurred." Section 51 entitles each member, at the expiration of his policy, to have a share in the profits of the company " during the time his policy was in force." By § 53, the directors are authorized to divide the property insured into not exceeding four classes ; and it requires that the assessments shall be made upon premiums and deposits belonging to the class in which the loss occurs. It also provides that " no money belonging to one class, received either as premium or assessment in said class, shall be used to pay losses or expenses or other liability of any other class."

The directors of a mutual insurance company are, in effect, merely agents of the policy holders, charged with the administration of their mutual interests and relations, and the adjustment of their mutual rights and liabilities. Their responsibility for any claim due to one of the members upon a policy arises only from a failure to discharge their appropriate functions, or a neglect to perform some duty imposed upon them by their office. They cannot transcend those restricted powers which are so carefully defined in the statutes. They cannot be made liable for not applying to the payment of an execution funds which the statute forbids to be so applied ; nor for neglecting to make an assessment upon a class whose liability to assessment has already been exhausted or discharged. The directors for 1867 cannot be held responsible for the defaults of their predecessors of 1860 or 1861.

Upon these exceptions, it must be assumed that the loss from which the plaintiff's debt arose occurred prior to 1860, upon a policy in the " General Class ; " that the business of that class was closed in 1861, and all the policies cancelled. It was not claimed that there was any property or assets of that class which could have been used by the defendants to pay the execution; or that any assessment could have been made upon that class from which they could have derived means of payment. They are not in fault, therefore, for failure to attempt such an assess- ment. -

The plaintiff contends that the execution is to be regarded as a loss occurring at the date of the judgment; and that the de- fendants were bound to apply to its payment the assets derived from current business, or to make an assessment upon present policy holders. But that would be in violation of their duty to those policy holders, and contrary to the provisions of the stat- utes. The plain intent of the statutes is, that the assessment shall be made in reference to the period in which the loss oc- curred under the policy, and not to the time when the liability for such a loss is ascertained and recognized, or fixed by a judg- ment; and the assets which may properly be applied to its pay- ment are to be determined in reference to the same period. The inquiry into the consideration of the note upon which the judg- ment was based is in no sense an impeachment of the judg- ment. It may be true that the defendants are not entitled to impeach it. Their liability does not result from the validity of the judgment, but from neglect to do those acts which the plaintiff is entitled to have done as a policy holder who has suf- fered a loss, to enforce contribution from other policy holders sustaining mutual relations with him in respect to such policies. The judgment determines the fact and amount of the loss; but not the class or period upon which the obligation to contribute must fall ; nor the property or fund which ought to be applied to its payment.

There being no fund or property which the directors could egally apply to the payment of this execution, and no class of policy holders against which an assessment could be enforced,

the defendants are not shown to have failed in their duty as directors, and cannot therefore be made personally liable in this action.                    *Exceptions overruled.*