EDWARD A. UPTON *vs.* NATHAN P. PRATT & others.

In an action under the Gen. Sts. *c.* 58, § 48, against nine directors of a mutual fire insur-
ance company, to enforce their personal liability for the amount of an unsatisfied execu-
tion against the company, to which action there is a joint single defence on which the
defendants prevail, they are entitled to only one set of costs, although they severed in
their pleadings.

CONTRACT, with an alternative count in tort, on the Gen. Sts.
*c.* 58, § 48, against nine defendants, to enforce their personal lia

bility as directors of a mutual fire insurance company, for the amount of an unsatisfied execution on a judgment recovered by the plaintiff against the company. The defendants filed several answers.

At the trial in the superior court, before *Putnam,* J., a verdict was returned for the defendants on the ground that the plaintiff had not made out such a case as entitled him to hold the directors personally liable. Exceptions alleged by the plaintiff were overruled, as reported in *Upton* v. *Pratt,* 103 Mass. 551, and after the decision there reported the superior court rendered a judgment on the verdict for the defendants for their costs. The clerk taxed a single bill of costs, against the objection of the defendants, who contended that they were entitled to several bills of costs; the court affirmed the taxation; and the defendants appealed.

*E. A. Upton, pro se.*

*J. P. Converse & E. A. Kelly,* for the defendants.

MORTON, J. After the decision in this case reported in 103 Mass. 551, the superior court rendered a judgment on the verdict for the defendants for their costs. The clerk taxed a single bill of costs, which taxation was affirmed by the court, and the defendants appealed. They claim that they are entitled to several bills of costs, under the rule that where an action is brought against several tortfeasors, and the defendants sever in their pleadings, they are severally entitled to costs if they prevail. *Fales* v. *Stone,* 9 Met. 316. *Mason* v. *Waite,* 1 Pick. 452. But we are of opinion that the rule does not apply to a case like this. This action is not to recover a penalty against the directors, but to enforce a liability for a debt of the corporation imposed upon them by the Gen. Sts. c. 58, § 48. The fiftieth section provides that, where the directors " are liable to pay an execution against the company, the creditor may recover the same by a suit in equity or by an action at law against the directors." Under this provision the creditor may maintain an action of contract, and he must join all the directors as defendants. The statute confers the right, and creates the privity necessary to maintain such action. This action, therefore, can be maintained only as an action of contract upon a statute liability. The fact that the defendants

filed separate answers does not expose the plaintiff to several bills of costs. It was not necessary for the defendants to sever in their pleadings, and there was a single joint defence to the action. Under such circumstances, they are entitled to only one bill of costs. *Judgment affirmed.*